RECEIVED
IN LAKE CHARLES, LA

APR -3 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSEPH PAUL LEE, ET AL. | * | CIVIL NO. 07-377 |
| VERSUS | * | JUDGE MINALDI |
| BC EQUIPMENT SALES, INC., ET AL. | * | MAGISTRATE JUDGE KAY |

### ORDER

Defendant Conmaco/Rector, L.P. removed this action to federal court from the 38th Judicial District Court for the Parish of Cameron, State of Louisiana on February 23, 2007. Doc. 1. Conmaco alleged federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. *Id.* Plaintiff is a citizen of Tangipahoa Louisiana. *Id.* Conmaco alleged that it is a partnership organized under the laws of the State of Delaware and domiciled in the State of Delaware. *Id.* Conmaco noted that all other defendants are alleged to be Texas Corporations. *Id.*

On March 4, 2009, plaintiffs filed a Motion to Remand. Doc. 53. Plaintiffs argue that they are entitled to remand because complete diversity does not exist in this case. In support, plaintiffs produce evidence that pursuant to the reorganization of Conmaco in bankruptcy, a Louisiana limited liability company named CRCG, L.L.C. (CRCG) became a general partner and another Louisiana limited liability company named NOLA Equipment, L.L.C. (NOLA) became a limited partner in 2005. Doc. 53-4. Plaintiffs note that the accident underlying this lawsuit occurred in January of 2006, and suit was filed in 2007. *See* Doc. 1-2. Plaintiffs argue that the citizenship of limited and general partners is to be considered when determining whether complete diversity is present. Doc. 53 (citing *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185,

110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). Defendants filed no opposition to plaintiffs' Motion to Remand.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Here, plaintiffs have alleged that remand is appropriate because the removing defendant, Conmaco, L.P. is a citizen of the state of Louisiana by virtue of the residence of its members CRCG and NOLA. Plaintiff's evidence on this point is unrebutted. The court therefore finds that remand is appropriate because complete diversity does not exist in this case. *Carden*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 2nd day of April, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE